IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES J. NAPLES,<br>Assignee of Pinewood Enterprises | | APPELLANT |
| v. | Nos.  4:13-cv-499-DPM<br>& 4:13-cv-547-DPM | |
| RENEE S. WILLIAMS, Chapter 7<br>Trustee, LHSW and MICHAEL E.<br>COLLINS, Chapter 11 Trustee | | APPELLEES |

and

| | | |
|---|---|---|
| JAMES J. NAPLES,<br>Assignee of Pinewood Enterprises | | APPELLANT |
| v. | No. 4:13-cv-667-DPM | |
| RENEE S. WILLIAMS, Chapter 7<br>Trustee, LHSW; UNITED STATES<br>TRUSTEE; and MICHAEL E.<br>COLLINS, Chapter 11 Trustee | | APPELLEES |

and

| | | |
|---|---|---|
| A.K. TENNESSEE IRREVOCABLE TRUST;<br>KIMBRO STEPHENS INSURANCE TRUST;<br>DAVID KIMBRO STEPHENS, Individually and on<br>behalf of all the equitable beneficiaries of the<br>Kimbro Stephens Insurance Trust and the A.K.<br>Tennessee Irrevocable Trust | | APPELLANTS |
| v. | No. 4:13-cv-670-DPM | |
| RENEE S. WILLIAMS; MICHAEL E. COLLINS;<br>UNITED STATES TRUSTEE; LIVING HOPE<br>INSTITUTE, INC.; ESTATE OF WANDA J.<br>STEPHENS, a/k/a Wanda J. Stephens; and<br>JAMES J. NAPLES | | APPELLEES |

**and**

| | |
|---|---|
| **GREG STEPHENS, as personal representative of the Estate of Wanda Stephens** | **APPELLANT** |
| v.   No. 4:13-cv-723-DPM | |
| **RENEE S. WILLIAMS, Chapter 7 Trustee, LHSW; MICHAEL E. COLLINS, Chapter 11 Trustee; JAMES J. NAPLES, Assignee of Pinewood Enterprises, LC; UNITED STATES TRUSTEE; LIVING HOPE INSTITUTE INC.; AK TENNESSEE IRREVOCABLE TRUST; KIMBRO STEPHENS INSURANCE TRUST; and DAVID KIMBRO STEPHENS, Individually and on behalf of the AK Tennessee Irrevocable Trust, the Kimbro Stephens Insurance Trust, and their equitable beneficiaries** | **APPELLEES** |

### ORDER

Five separate appeals from the same underlying bankruptcy case are before this Court. Case numbers 4:13-cv-499 and 4:13-cv-547 have already been consolidated, and the Court has accepted transfer of the other three cases, Nos. 4:13-cv-667, 4:13-cv-670, and 4:13-cv-723. Among the pending motions are Naples's notices of related case and motions to consolidate, 4:13-cv-499, № 9 and 4:13-cv-667, № 3. The United States Trustee opposes consolidation, 4:13-cv-667, № 10; no one else has responded.

All five cases arise from a common legal and factual background. The parties in cases 4:13-cv-667, 4:13-cv-670, and 4:13-cv-723 aren't exactly the

same. But those three cases are appeals from the same Bankruptcy Court order, and should be handled together. Though the pending motions ask to consolidate only 4:13-cv-667 with 4:13-cv-499, consolidating all five cases is the best way to resolve the parties' disputes and promote efficient use of the parties' and the Court's resources. The motions, № 9 & № 3, are granted; No. 4:13-cv-667 is consolidated with lead case 4:13-cv-499. The Court, on its own motion, consolidates 4:13-cv-667, 4:13-cv-670, and 4:13-cv-723 with 4:13-cv-499. FED. R. CIV. P. 42(a)(2). The Court directs the Clerk to transfer all pending motions, and any related responses and replies, to the lead case, No. 4:13-cv-499-DPM. The parties should file all future papers in the lead case, too, also noting the applicable original case number. Merits briefing is complete in cases 4:13-cv-499 and 4:13-cv-547; it is stayed pending resolution of the motions to dismiss in 4:13-cv-667 and 4:13-cv-670. To bring 4:13-cv-723 in line, the Court stays merits briefing in that slice of the case too.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 January 2014